246

Ralph F. RUHLAND and Ann
Ruhland, Plaintiffs,

v.

WALTER KIDDE PORTABLE EQUIP-
MENT, INC., Defendant and
Third–Party Plaintiff,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION and Malia Ruhland,
Third–Party Defendants.

No. 97–C–507–C.

United States District Court,
W.D. Wisconsin.

April 13, 1998.

Jeffrey Fertl, Hinshaw & Culbertson, Mil-
waukee, WI, for Walter Kidde Portable
Equipment.

Terry E. Johnson, Peterson, Johnson &
Murray, S.C., Milwaukee, WI, for United
Services Automobile Assoc.

Rick J. Mundt, Winner, Wixson & Pernitz,
Madison, WI, for Malia Ruhland.

## OPINION AND ORDER

CRABB, District Judge.

This is a product liability case involving an allegedly defective fire extinguisher manufactured by defendant Walter Kidde Portable Equipment, Inc. Plaintiffs Ralph F. Ruhland and Ann Ruhland contend that the extinguisher failed to operate when their daughter Malia tried to use it to put out a fire in the basement of their home. Defendant Walter Kidde asserts that Malia Ruhland's negligence contributed to plaintiffs' injuries. It has filed a complaint naming her and the Ruhlands' insurer, United Services Automobile Association, as third-party defendants.

Three matters are before the court. Third-party defendant United Services has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. United Services contends that, although plaintiffs alleged diversity jurisdiction, it does not exist because both United Services and Walter Kidde are citizens of Delaware and North Carolina. The second matter involves defendant Walter Kidde's contention that plaintiffs should be barred from presenting expert testimony at trial because plaintiffs did not properly disclose their experts under the deadline imposed by United States Magistrate Judge Stephen L. Crocker in a pretrial conference order entered September 23, 1997. Without the testimony of these experts, plaintiffs cannot prove that the fire extinguisher was defective and establish causation, defendant argues. Therefore, it contends, it is entitled to summary judgment under Rule 56. Last, plaintiffs have moved to modify the pretrial conference order enabling them to submit a "supplemental expert disclosure" that will contain information gathered from a joint test of the fire extinguisher scheduled for April 27, 1998.

Judgment on liability will be entered in favor of defendant Walter Kidde and third-party defendants United Services and Malia Ruhland. Although plaintiffs disclosed some expert information before the deadline in answers to written interrogatories and have since filed an expert disclosure, plaintiffs' submissions do not come close to meeting the requirements of the pretrial conference order. Because there is no justification for plaintiffs' failure to submit a timely and proper expert disclosure and the omission was not harmless, the only appropriate remedy is to bar plaintiffs from presenting expert evidence in these proceedings. Moreover, because the lack of such evidence is fatal to plaintiffs' claims, defendant Walter Kidde's motion for summary judgment will be granted. Although ordinarily jurisdictional issues are resolved before issues relating to the merits, there is no need to address third-party defendant United Services's motion to dismiss: Malia Ruhland has advised the court that she joins defendant Walter Kidde's motion for summary judgment and judgment in favor of defendant Walter Kidde moots United Services' motion to dismiss. *Cf. Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir.1996) ("Although jurisdictional issues are normally resolved prior to a determination of the merits, under the circumstances here, we may disregard potentially difficult jurisdictional issues and proceed directly to the merits where there is no practical difference in the outcome."). Similarly, plaintiffs' motion to modify the pretrial conference order is mooted by the entry of judgment in favor of defendants. It is too late for plaintiffs to cure their omissions.

Initially, a few comments are warranted concerning the form of defendant Walter Kidde's motion for summary judgment. Defendant has labeled its motion as a motion for summary judgment pursuant to Rule 56. However, encompassed in this motion is a motion brought pursuant to Rule 37(c)(1) for an order barring the testimony of plaintiffs' experts. Documents plaintiffs filed in response to defendant's motion address the Rule 56 issues and the Rule 37 issues. Because plaintiffs have not been prejudiced by defendant's failure to label their motions accurately, both motions will be addressed in this order.

## I. MOTION TO EXCLUDE EXPERT WITNESSES

### A. *Facts*

The following facts are taken from the record.

Plaintiffs filed the complaint in June 1997. A preliminary pretrial conference was held before United States Magistrate Judge Stephen L. Crocker on September 23, 1997. Only plaintiffs and defendant Walter Kidde appeared at the conference because the third-party complaint against United Services Automobile Association had not been filed, although defendant advised the court in its pretrial conference statement that it might be seeking to bring in other parties. The third-party complaint naming United Services and Malia Ruhland was filed on November 21, 1997.

Following the conference, Magistrate Judge Crocker entered a pretrial conference order setting discovery deadlines, including a January 9, 1998 deadline for plaintiffs' disclosure of expert witnesses. The order provides:

> **Note well:** Absent the parties' written stipulation to the contrary, all disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2). Failure to comply could result in the court striking the testimony of the party's experts pursuant to Rule 37.

Other dates and deadlines are set forth in the order: the last day for filing of dispositive motions, February 27, 1998; discovery cutoff, July 3, 1998; and trial, August 3, 1998. In addition, the order describes the court's policy for settlement of discovery disputes:

> Pursuant to Local Rule 3, a party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. Those efforts must be set forth in the motion. By this order, the court requires *all* parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in sanctions under Rules 37(a)(4) and 37(b)(2).
>
> *This court also expects the parties to file discovery motions promptly if self-help fails.* Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

(Second emphasis added).

On March 18, 1998, more than two months after their deadline, plaintiffs filed a document titled "Plaintiffs' Expert Disclosure." In this document, plaintiffs named three experts: (1) Michael J. Slifka, who is slated to provide opinion as to the cause of the fire in accordance with his report that was given to defendant as part of plaintiffs' December 4, 1997 response to a documents request; (2) Don LeRibeus, who will provide testimony as to the damages sustained by plaintiffs in accordance with his report that was also included in the December 4 response; and (3) Peter Yurkonis, whose opinions and findings will be revealed once a plan for destructive testing of the fire extinguisher has been consented to by all the parties. Attached to the March 18 disclosure is an exhibit listing Yurkonis's qualifications and experience. Subsequently, plaintiffs advised the court that such testing has been scheduled for April 27, 1998.

The Slifka report that plaintiffs gave defendant in December 1997 describes the facts surrounding the fire and offers the following conclusions relating to the fire extinguisher:

(3) The efforts spent by the Ruland's [sic] in the early stages of the fire to unsuccessfully extinguish or knock down the fire with a portable extinguisher led to the fire's continued spread and growth.

(4) A extinguisher properly operating and properly operated would have had a significant impact on the fire's spread and growth as extinguishment was being attempted in the earliest fire stages.

(5) The failure of the extinguisher to operate led to the further spread of fire and to the ultimate damage of [sic] the Ruland residence.

Also, Slifka's report contains twenty-eight photographs of the fire site and the subject fire extinguisher. The LeRibeus report contains a section titled "cause of loss," in which LeRibeus describes that "[t]he daughter attempted to use the fire extinguisher, but it would not function" and that plaintiff Ralph Ruhland "attempted to use the fire extinguisher as well, but to no avail." Also, the LeRibeus report provides a summary calculation of plaintiffs' estimated losses and supporting schedules.

### B. *Analysis*

The pretrial conference order states that the parties' expert disclosures "must comply with the requirements of Rule 26(a)(2)." (There is no evidence that the parties entered into a stipulation absolving themselves of this requirement.) Rule 26(a)(2) requires submission of a report addressing six matters:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 26(a)(2)(B). Plaintiffs filed their expert disclosure more than two months after the deadline. On its face, this untimely document does not satisfy the requirements of Rule 26. However, plaintiffs contend that they are in effective compliance with the pretrial order and Rule 26 because they gave all required information with respect to Slifka and LeRibeus to defendant on December 4, 1997, and because information concerning Yurkonis's opinions cannot be compiled until testing of the fire extinguisher is complete.

■ The pretrial conference order and Rule 26 set straightforward guidelines to be followed when making expert disclosures: each party was to compile a complete report for each of their witnesses and give the reports to the other party. There is no merit to plaintiffs' contention that a jumble of documents sent to an opposing party may be construed together to satisfy these requirements. Moreover, even if plaintiffs' submissions regarding Slifka and LeRibeus are painstakingly combined, they do not satisfy every requirement of Rule 26(a)(2). True, the Slifka report that was turned over in December 1997, sets out Slifka's conclusions and opinions and contains photographs that could be viewed as the data supporting those opinions. But the report does not list his qualifications, compensation or prior litigation experience. Worse, the LeRibeus report does not satisfy any of the six requirements. A section of the report is captioned "Cause of Loss," suggesting that it would set out LeRibeus's opinions, but it does not. Instead, LeRibeus provides background information about the fire gathered from what others have told him. He does not mention his qualifications, compensation or prior litigation experience.

■ At least plaintiffs' disclosure relating to witness Yurkonis is self-contained. Nonetheless, it fails to meet the requirements for the plain reason that it does not disclose Yurkonis's opinions. Plaintiffs assert that their failure to include this necessary information results from an ongoing disagreement among the parties over the protocol and date for testing of the fire extinguisher. As evidence, plaintiffs submit copies of correspondence with defendant and defendant's insurer that date back to 1995. Plaintiffs suggest that defendant has known for some time that Yurkonis is their expert on the issue of defectiveness and that his opinions would be disclosed after testing.

It may be that the parties have had difficulty reaching an agreement about how such testing should proceed. However, the correspondence plaintiffs have submitted does not reveal any stipulation to set aside plaintiffs' January 9 deadline (and approval by the court of such an agreement). Plaintiffs knew before they filed this lawsuit that the results of this testing would be critical to their case and that making arrangements for the testing would be difficult. Furthermore, in the pretrial conference statement, defendant informed plaintiffs that other parties might be brought in. Plaintiffs should have anticipated that arranging testing would become even more complex if a new party was added. Accordingly, during the pretrial conference, plaintiffs should have advised the court that its ability to meet a deadline for expert disclosures would be contingent upon the completion of this testing. Even if plaintiffs were not certain that a third party was going to be brought in until the third-party complaint was filed on November 21, 1997, at

some point before the January 9, 1998 deadline plaintiffs must have realized that they were not going to make the deadline. *At that point,* if the parties were still deadlocked, plaintiffs should have moved for an order compelling testing. The pretrial conference order told plaintiffs do so: "This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order."

■ Having found that plaintiffs' disclosures were untimely and improper and that these mistakes were unjustified, I must consider whether plaintiffs should be barred from presenting expert testimony in this case as a sanction. Plaintiffs assert that exclusion is not warranted because their failure to make the deadline was harmless. They state:

> Fed.R.Civ.P. 26 proscribes [sic] that expert disclosure be submitted by the parties no later than 90 days before the trial date. Rule 26, however, can be modified by court order. The court has scheduled trial for August 3, 1998. Therefore, under Rule 26, plaintiffs would generally be given an expert disclosure cutoff of May 3, 1998.

Pltfs.' Mem of Law, dkt. # 30, at 9. According to plaintiffs, there has been no harm because they have violated *only* the pretrial conference order. They argue that although they missed the deadline in the order, discovery can proceed in a manner consistent with the Federal Rules of Civil Procedure.

Plaintiffs misunderstand the rationale for setting discovery deadlines in a pretrial conference order instead of relying on the timing guidelines within the federal rules. The deadlines in a pretrial conference order are not selected arbitrarily by the court. They are arrived at in consultation with the parties and are designed with an eye toward narrowing the issues in a specific case, thereby expediting resolution of the dispute. *See In re Maurice,* 21 F.3d 767, 773 (7th Cir.1994). Therefore, regardless whether defendant was actually harmed by plaintiffs' error, a sanction is warranted to encourage adherence to pretrial conference orders. Indeed, the or-

der stated that the parties should "note well" that failure to comply with the expert disclosure deadline "could result in the court striking the testimony of the party's experts pursuant to Rule 37."

Moreover, plaintiffs are wrong that the missed deadline and incomplete disclosures are harmless errors. First, aside from missing the deadline, plaintiffs are not in compliance with the expert disclosure requirements. The additional time that they will need to submit proper disclosures will further compress the time available for discovery, increasing the costs to defendant. Second, the deadline for disclosure of expert witnesses was scheduled purposefully before the deadline for filing dispositive motions. This timing was intended to provide defendant an opportunity to formulate a dispositive motion on the basis of plaintiffs' expert disclosures, with the consequent opportunity to avoid a trial. (Because plaintiffs have not made proper disclosures it is impossible to determine whether any motion by defendant would have had merit).

In light of the facts surrounding plaintiffs' errors, I find that exclusion of plaintiffs' expert witnesses is the appropriate sanction. The harm caused by plaintiffs' errors is significant. Equally troublesome, the cost to plaintiffs of having to comply with the pretrial conference order was negligible. With respect to Slifka and LeRibeus, plaintiffs assert that the bulk of the required information was contained in the reports that were given to defendant a month before the deadline. Thus by plaintiffs' own allegations, compliance with the pretrial conference order would have required them merely to gather information on the qualifications and experience of these two experts and assemble a report. With respect to Yurkonis, although his report required that destructive testing be completed first, plaintiffs knew before filing this action that they would need such testing. They should have anticipated the test scheduling problem and either arranged for a later deadline when the pretrial conference order was being drafted, or if necessary, moved for an order compelling such testing once they learned that they could not get it done in time for the deadline. It is

evident that with little expense and proper diligence, plaintiffs could have complied with the pretrial conference order and avoided what seems to be an otherwise draconian sanction.

## II. MOTION FOR SUMMARY JUDGMENT

Plaintiffs and defendant Walter Kidde have submitted proposed findings of fact and responses to these proposals. For the purposes of deciding defendant Walter Kidde's motion for summary judgment, I find the following material facts to be undisputed.

### A. *Facts*

Plaintiffs owned a home in the town of Plain, Wisconsin. On February 12, 1994, there was a fire at their home, which started when plaintiffs' daughter, Malia Ruhland, was feeding newspaper into a wood burning stove located in the basement. When the fire started, Malia Ruhland tried to put out the fire with a fire extinguisher manufactured by defendant Walter Kidde; the fire extinguisher would not operate. The fire spread and caused extensive damage to plaintiffs' home.

### B. *Opinion*

■ Defendant asserts that expert testimony is an indispensable element of plaintiffs' case, which in this diversity action is premised on Wisconsin law. Without such testimony, defendant contends, plaintiffs cannot meet their burden of proving that the extinguisher was defective and that its failure to operate was the primary cause of plaintiffs' injuries. In support, defendant relies heavily on *Wojciuk v. United States Rubber Co.*, 19 Wis.2d 224, 120 N.W.2d 47 (1963). In *Wojciuk*, the plaintiffs were involved in a car accident caused by a blowout of a newly purchased tire. They asserted several claims against the defendants, who were involved in the manufacture and sale of the tire, one of which was that the manufacturer had negligently constructed and inspected the tire. *See id.* at 227, 120 N.W.2d at 49. However, the trial court excluded as unqualified the plaintiffs' expert who had planned to testify that certain visible flaws in the tire were manufacturing defects. *See id.*

at 228, 120 N.W.2d at 49. Without this evidence, the trial court later directed a verdict in the manufacturer's favor. *See id.* at 229, 120 N.W.2d at 50. On appeal, the Wisconsin supreme court upheld the verdict. The court determined that exclusion of the expert's testimony was proper and that the record contained no other evidence to support an inference that the manufacturer was negligent. *See id.* at 233–34, 120 N.W.2d at 52; *see also Cedarburg Light & Water Comm'n v. Allis-Chalmers Mfg. Co.*, 33 Wis.2d 560, 568b, 148 N.W.2d 13, 149 N.W.2d 661, 662 (1967) ("[I]t may be essential to have expert testimony in some cases on the issue of causation and, consequently, the lack of it may prevent a jury from considering the issue.") (per curiam) (on rehearing). According to defendant, as a matter of law, Yurkonis's testimony is essential to prove that the fire extinguisher was defective and Slifka's and LeRibeus's testimony is needed to prove causation.

In their response to defendant's proposed conclusions of law, plaintiffs dispute the assertions concerning the necessity of these experts. It is possible that plaintiffs' assertion is supported by the case law and that liability could be established through lay testimony alone. *Cf. Cedarburg Light & Water*, 33 Wis.2d at 568b, 149 N.W.2d at 662 ("[i]n this case ... there was at least a minimal sufficiency of expert *and lay testimony* on causation to support the findings the jury made.") (emphasis added). However, plaintiffs have not supported their contention that expert testimony is not essential to their case. I construe plaintiffs' silence as concessions that this product liability action is sufficiently complex as to require expert testimony and that without such evidence, plaintiffs cannot meet their burden of proof at trial. Accordingly, defendant Walter Kidde's motion for summary judgment will be granted.

## III. MOTION TO MODIFY PRETRIAL CONFERENCE ORDER

On April 10, 1998, plaintiffs moved to modify the pretrial conference order seeking in relevant part leave to file a "supplemental expert disclosure." As grounds, plaintiffs explain that arrangements have been made to

conduct the necessary joint testing of the fire extinguisher on April 27, 1998, and that expert opinions concerning such testing will be made available before May 8, 1998.

This motion is mooted by the decision to grant judgment in favor of defendants. Moreover, plaintiffs' request is untimely. In essence, plaintiffs want to extend their January 9, 1998 expert disclosure deadline until May 8, 1998. However, the pretrial conference order informed plaintiffs that the time to make such requests was before the deadline, not three months after it had passed.

### ORDER

IT IS ORDERED that

1. The motion of defendant Walter Kidde Portable Equipment, Inc. to exclude plaintiffs Ralph F. Ruhland and Ann Ruhland's experts is GRANTED;

2. Defendant Walter Kidde's motion for summary judgment is GRANTED;

3. Third-party defendant United Services Automobile Association's motion to dismiss is DENIED as moot;

4. Plaintiffs' motion to modify the pretrial conference order is DENIED as moot;

5. The clerk of court is directed to enter judgment in favor of defendant Walter Kidde Portable Equipment, Inc. and third-party defendants United Services Automobile Association and Malia Ruhland and close this case.